Summary Rule 23 order filed
December 23, 2015;
Motion to publish granted
February 4, 2016.

2016 IL App (5th) 150203

NO. 5-15-0203

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| *In re* ADOPTION OF J.W., a Minor Child | ) | Appeal from the |
| | ) | Circuit Court of |
| (Jennifer N.J., Adam J.H., Janet D.W., and | ) | St. Clair County. |
| Gregory L.W., | ) | |
| | ) | |
| Petitioners-Appellees, | ) | No. 13-AD-1 |
| | ) | |
| v. | ) | |
| | ) | |
| Family Choices, NFPC, | ) | Honorable |
| | ) | Stephen R. Rice, |
| Respondent-Appellant). | ) | Judge, presiding. |

_____

JUSTICE CHAPMAN delivered the judgment of the court, with opinion.
Justices Cates and Moore concurred in the judgment and opinion.

**OPINION**

¶ 1    The question before us in this appeal is whether biological parents who executed a

surrender of their child to an agency for purposes of adoption may revoke that surrender

more than 12 months after signing it where they have alleged both fraud and a conflict of

interest by the attorney representing the prospective adoptive parents.  The biological

parents filed a motion to revoke their surrenders, and the adoption agency filed a motion

to dismiss, citing the 12-month statute of limitations found in section 11 of the Illinois

Adoption Act (750 ILCS 50/11(a) (West 2012)).  The trial court denied the motion to

1

dismiss and certified a question for our review pursuant to Illinois Supreme Court Rule 308 (eff. Jan. 1, 2015). The certified question asks us to decide whether allegations of fraud or conflict of interest provide an exception to the statute of limitations. We answer that question in the negative and reverse the court's ruling.

¶ 2    Petitioners Jennifer J. and Adam H. are the biological parents of J.W. Petitioners Janet and Gregory W. are Jennifer's aunt and uncle. J.W. was born on August 4, 2012. On October 9, 2012, Jennifer and Adam executed surrenders for adoption. Their intent was for J.W. to be adopted by the W.s. However, they executed surrenders to an agency for adoption rather than consents to adoption by the W.s. See 750 ILCS 50/10 (West 2012). The surrenders were prepared by the W.s' attorney, Deborah Crouse Cobb. The adoption agency involved, respondent Family Choices, NFPC, is owned by Cobb's mother, and the adoption caseworker assigned to the petitioners' case is Cobb's sister, Susan Wolk.

¶ 3    The W.s filed a petition to adopt J.W. in January 2013. The matter came for a hearing on November 22, 2013. Cobb told the court that she treated the adoption as an agency adoption for two reasons. First, due to issues involving Jennifer, the Department of Children and Family Services (DCFS) was likely to become involved. See *In re Joseph B.*, 258 Ill. App. 3d 954, 964 (1994) (noting that problems can arise "from an attempt to use a consent to adoption form in a neglect proceeding"). Second, Gregory W. was involved in DCFS proceedings in which a child was removed from his home 15 or 20 years prior to the proceedings involved here. Family Choices refused to consent to the adoption based on the findings in a psychological evaluation of the W.s. The court

2

denied their petition to adopt J.W. and ordered that J.W. be surrendered to Family Choices for placement in another home.

¶ 4 On December 11, 2013, Jennifer and Adam filed a motion to revoke their surrenders for adoption or, in the alternative, to reform and determine the surrenders to be voidable consents. They alleged that (1) Cobb, acting in concert with Wolk, fraudulently induced them to sign irrevocable surrenders to the agency even though she was aware of their intent that their child was to be adopted by the W.s; and (2) Cobb had an actual conflict of interest because Family Choices was owned by her mother. On the same day, the W.s filed a motion to vacate the court's November 22 order and reopen the case. Their motion contained the same allegations as Jennifer and Adam's motion.

¶ 5 On May 22, 2014, Family Choices filed a motion to dismiss both motions. It noted that the motion to revoke the surrenders was filed more than 12 months after the surrenders were executed and argued that, as such, the statute of limitations in section 11(a) of the Adoption Act (750 ILCS 50/11(a) (West 2012)) barred revocation.

¶ 6 On April 13, 2015, the court entered an order denying the motion to dismiss. The court found that the petitioners' motions should not be dismissed "in the context of the unique set of allegations made in the pleadings." Family Choices filed a motion for certification of a question pursuant to Illinois Supreme Court Rule 308(a) (eff. Jan. 1, 2015). The court granted the motion and certified the following question for our review:

"Whether allegations of fraud and/or a conflict of interest by an attorney representing the petitioners in an adoption case provide an exception to the 12-

3

month statute of limitations provided under the Illinois Adoption Act 750 ILCS 50/11(a)?"

Family Choices then filed a petition for leave to appeal, which this court granted on July 1, 2015.

¶ 7    Family Choices filed its motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2012)).  In ruling on a section 2-619 motion, courts must construe the allegations in the pleadings and supporting documents in the light most favorable to the nonmoving party.  On appeal, our review is *de novo*.  *In re Adoption of Samuel E.*, 401 Ill. App. 3d 250, 253 (2010).  Thus, we assume that the allegations in the petitioners' motions are true.  We also note that the facts underlying the petitioners' allegations of a conflict of interest are undisputed.

¶ 8    Section 11 of the Adoption Act provides that "[n]o action to void or revoke a consent to or surrender for adoption, *including an action based on fraud or duress*, may be commenced after 12 months from the date the consent or surrender was executed." (Emphasis added.)  750 ILCS 50/11(a) (West 2012).  Thus, the statute of limitations, by its express terms, is applicable to cases involving allegations of fraud.  See *In re D.B.*, 246 Ill. App. 3d 484, 490 (1993).

¶ 9    The petitioners argue that we should find that their allegations of conflict of interest fall within an exception to the statute of limitations.  They point out that neither the statute nor any Illinois decisions directly address allegations of conflict of interest. We are not persuaded.  Illinois courts have repeatedly and consistently held that the statute of limitations is absolute.  See, *e.g.*, *In re Adoption of Samuel E.*, 401 Ill. App. 3d

4

at 258; *In re Joseph B*., 258 Ill. App. 3d at 970. The statute of limitations applies to both agency surrenders and consents. *In re Adoption of Samuel E.*, 401 Ill. App. 3d at 260. In addition, it applies regardless of whether an adoption has been finalized. *In re Adoption of Samuel E.*, 401 Ill. App. 3d at 258. The fact that the statute does not explicitly state that its limitations period is applicable to cases involving allegations of conflict of interest does not create an exception to this absolute time limit. See *In re Joseph B.*, 258 Ill. App. 3d at 970 (stating that the statute "clearly contemplates the application of its one-year statute of limitations" to actions that do not involve allegations of fraud or duress).

¶ 10    For these reasons, we conclude that allegations of fraud and/or conflict of interest do not create an exception to the 12-month statute of limitations. We therefore answer the certified question in the negative and reverse the order of the trial court denying the respondent adoption agency's motion to dismiss.


¶ 11    Reversed; certified question answered.

5

2016 IL App (5th) 150203

NO. 5-15-0203

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| *In re* ADOPTION OF J.W., a Minor Child | ) | Appeal from the |
| | ) | Circuit Court of |
| (Jennifer N.J., Adam J.H., Janet D.W., and | ) | St. Clair County. |
| Gregory L.W., | ) | |
| | ) | |
| Petitioners-Appellees, | ) | No. 13-AD-1 |
| | ) | |
| v. | ) | |
| | ) | |
| Family Choices, NFPC, | ) | Honorable |
| | ) | Stephen R. Rice, |
| Respondent-Appellant). | ) | Judge, presiding. |

_____

**Summary Rule 23 Order Filed:**    December 23, 2015
**Motion to Publish Granted:**    February 4, 2016
**Opinion Filed:**    February 4, 2016

_____

**Justices:**    Honorable Melissa A. Chapman, J.

               Honorable Judy L. Cates, J., and
               Honorable James R. Moore, J.,
               Concur

_____

**Attorneys**    William R. Tapella II, Daniel C. Jones, Tapella & Eberspacher, LLC,
**for**    P.O. Box 627, Mattoon, IL 61938
**Appellant**

_____

**Attorneys**    Donald E. Groshong, Donald E. Groshong, Ltd., 510 East 6th St.,
**for**    Alton, IL 62002; John J. Hopkins, John J. Hopkins & Associates, P.C.,
**Appellees**    500 East 6th St., P.O. Box 595, Alton, IL 62002

_____